IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | CRIMINAL ACTION NO. |
| vs. | ) | |
| | ) | 1:09-CR-37-WBH-AJB |
| DAVID DIAZ | ) | |
| _____ | ) | |

## MOTION FOR PRODUCTION OF NAME AND LOCATION OF CONFIDENTIAL INFORMANT

COMES NOW the Defendant, DAVID DIAZ, by and through undersigned counsel, and files this motion for the production of the name and address and other identifying information of the cooperating defendants and confidential informants in this case.  Furthermore, Mr. Diaz requests that he be given access to the confidential informants once his/her identity is made known.

## BACKGROUND

Mr. Diaz has been charged in a three-count indictment with one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g) and 924(e), one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C)), and 851, and one count of possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)).

The government has provided notice of its intent to introduce certain "other

crimes" evidence under Federal Rule of Evidence 404(b).  Relevant to this motion, the government intends to introduce evidence that on August 13, 2003, Mr. Diaz was arrested and charged in Paulding County with trafficking in cocaine, possession of methamphetamine with the intent to distribute, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a crime.

Prior to Mr. Diaz's arrest, Cartersville narcotics officers had been conducting an undercover operation involving the use of a confidential source.  It was as a result of information from this confidential informant that Mr. Diaz was arrested and alleged to have been involved in the possession of narcotics and a firearm.

Based upon the information supplied in discovery, the Cartersville Police Department arranged for a confidential informant to contact Mr. Diaz to arrange for the purchase of cocaine and marijuana.  (See Appendix A, Investigative Summary, dated August 12, 2003, Bates # 127.)  The following day, August 13, 2003, the confidential informant again contacted Mr. Diaz in order to coordinate the purchase of the drugs. (See Appendix A, Investigative Summary, dated August 13, 2003, Bates # 128.)  Later that day, the confidential informant picked up Mr. Diaz in the confidential informant's car, and proceeded to the location where the drug sale was to take place. (See Appendix A, Investigative Summary, dated August 13, 2003, Bates # 129.)  Only the confidential informant and Mr. Diaz were in the car. (Id.)

2

According to the confidential informant, Mr. Diaz changed the planned location where the drug sale would take place. (Id.) After pulling into a parking lot of a convenience store at "the Crossroads," Mr. Diaz got out of the confidential informant's car and got into a white Buick Century as it drove through the lot. (Id. at Bates #130.) The Buick drove to the intersection of Cedar Crest Road and Golf Crest Drive in Acworth, and Mr. Diaz got out of the car and went in to a Citgo store. (Id. at Bates #130; see Appendix B, DEA Report of Investigation, page 2 of 5, Bates # 143.)

The police arrested and searched the driver of the Buick at this point, and searched the Buick. (See Appendix A, at Bates #130-31.) On the driver of the Buick's person, police found 35 grams of cocaine and 25 grams of methamphetamine. (Id.) In the trunk of the car was a suitcase, which contained a .9mm pistol, a bullet proof vest, plastic bags and digital scales. (Id.; see Appendix B, at Bates #143.) Mr. Diaz was arrested in the Citgo store and two small bags containing about 2 grams of methamphetamine were on his person. (Id.)

The police later met with the confidential informant and searched his/her car. (See Appendix A, at Bates # 131.) A Beretta .25 pistol was found in a carrying case and attributed to Mr. Diaz. (Id.)

No information is provided in the police reports about the confidential

informant and his/her reliability and veracity, nor is there information about how or why the confidential informant chose to get in touch with Mr. Diaz for a potential drug sale.

<div align="center">ARGUMENT</div>

In <u>Roviaro v. United States</u>, 353 U.S. 53 (1957), the Supreme Court observed that the government's privilege to withhold the identities of informants is limited. Describing the limits of the privilege, the Court stated:

> A further limitation on the applicability of the privilege arises from the fundamental requirements of fairness.  Where the disclosure of an informer's identity, or the contents of his communication is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way.  In these situations the trial court <u>may</u> require disclosure and, if the Government withholds the information, dismiss the action.

<u>Id</u>. at 60-61 (emphasis added).

In <u>Roviaro</u>, the issue of disclosure of the informant's identity arose in the context of the trial.  The trial court committed reversible error by allowing the government to withhold the identity of its informant in the face of requests for disclosure from the defense. <u>Id</u>. at 65.  The <u>Roviaro</u> informant had been the sole participant along with the defendant in the charged drug transaction.  He was critically positioned to "amplify or contradict the testimony of government witnesses." <u>Id</u>. at 64.

<div align="center">4</div>

Although Roviaro involved the issue of informant disclosure in the trial context to establish a defense, in analyzing the scope of the privilege against non-disclosure, the Court stated:

> Most of the federal cases involving this limitation on the scope of the informer's privilege have arisen where the legality of a search without a warrant is in issue and the communications of an informer are claimed to establish probable cause. In these cases, the Government has been required to disclose the identity of the informant unless there was sufficient evidence apart from his confidential communication.

Id. at 61 (citing Scher v. United States, 305 U.S. 251, 254 (1938)(stop of car justified not based upon credibility of undisclosed informant but upon what officers themselves observed, therefore, no error for failure to disclose informant identity) and United States v. Keown, 19 F. Supp. 639 (W.D. Ky. 1939)(ruling disclosure of informant identity necessary because informant was sole source of information concerning defendant's transportation of contraband, which led to arrest)); see also McCray v. State of Illinois, 386 U.S. 300, 311 (1967)(officers' own observations and officer testimony concerning specific information relayed by informant gave police reasonably trustworthy information to warrant stop and arrest; therefore, confidential informant identity could be withheld as provided by Illinois law).

What is clear from Roviaro is that the issue of informant disclosure requires a balancing of the public's interest in the flow of information against the rights of the

accused. Id. at 62.  "Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." Id.

As decided by Roviaro, if disclosure is relevant and helpful to the defense of an accused or the fair determination of a cause, the privilege must give way.  The Eleventh Circuit has focused on (1) the extent of the informant's participation in the criminal activity, (2) the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant, (3) and the government's interest in non-disclosure. United States v. Gutierrez, 931 F.2d 1482, 1491 (11th Cir. 1991); United States v. Tenorio-Angel, 756 F.2d 1505, 1509 (11th Cir. 1985); see also United States v. Tucker, 2006 WL 1540383 (M.D. Fla. June 5, 2006)(unpublished)(noting that defendant objected to confidential informant's involvement as basis for reasonable suspicion for stop, but faulting defendant for not moving to reveal the identity of the confidential informant).

In this case, disclosure of the informant's identity and location is important to Mr. Diaz's motion to suppress 404(b) evidence and possible defense to these accusations at trial.  In order to investigate the legitimacy of the police conduct that day, including the reliability of the informant and the sufficiency of the source's

information to justify the police action, the identity of that confidential informant must be revealed and access to him or her provided. There is a direct and exclusive relationship between the information supplied by the informant and the unconstitutional stop, search, and arrest. In addition, the Court's ability to make credibility determinations, and Mr. Diaz' Sixth Amendment right to confront the witnesses against him are directly implicated by withholding the informant's identity.

With respect to Mr. Diaz's potential defense to these accusations at trial (as a separate and distinct basis for the disclosure of the informant's identity), a defendant need not reveal his defense to the government in order to make his request for access to an informant. Counsel for defendant is willing to follow the accepted and customary method of making an *in camera* showing to the Court as to why the defendant has a need for access to the informant in this case, if necessary. Mr. Diaz also requests that the Court conduct an appropriate review of the government's claimed interest in the non-disclosure of this informant's identity to properly weight the competing interests.

For the reasons set forth herein, Mr. Diaz comes now and moves this Court to compel the government to disclose to the defense the name and location of the informant and to grant defendant access to the informant.

Dated:  This 15th day of April, 2009.

<div style="margin-left: 40%;">

*s/   Cortney E. Lollar*

CORTNEY E. LOLLAR

Georgia State Bar No. 375477

ATTORNEY FOR DAVID DIAZ

</div>

Federal Defender Program, Inc.

Suite 1700, The Equitable Building

100 Peachtree Street

Atlanta, Georgia  30303

404/688/7530 (FAX) 404/688/0768

Cortney_Lollar@fd.org

<u>CERTIFICATE OF SERVICE AND COMPLIANCE WITH LR 5.1B</u>

I hereby certify that on this date, I electronically filed this pleading with the

Clerk of Court using the CM/ECF system which will automatically send email

notification of such filing to the following attorney of record:

> Corey Steinberg, Esq.
> Assistant United States Attorney
> 600 Richard B. Russell Building
> 75 Spring Street, S. W.
> Atlanta, Georgia 30303

Dated:  This 15th day of April, 2009.


> *s/  Cortney E. Lollar*
> CORTNEY E. LOLLAR, Esq.

9