IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DAVID DIAZ | Criminal Action No.<br><br>1:09-CR-00037-MLB-AJB |

**GOVERNMENT**

The United States of America, by Byung J. Pak, United States Attorney, and Phyllis Clerk, Assistant United States Attorney for the Northern District of Georgia, files this response to defendant David Diaz's Motion to Terminate Supervised Release Term. (Doc. 147). For the reasons set forth below, The United States opposes Diaz's request.

On January 27, 2009, a Grand Jury sitting in the Northern District of Georgia returned an Indictment charging Diaz with drug distribution and firearms offenses. (Doc. 1).

On September 21, 2011, after a plea of guilty to possession with intent to distribute marijuana, the Court sentenced Diaz to 120 months in prison followed by 36 months of supervised release. (Doc. 113). After being released from prison, Diaz's term of supervised release began on or about March 7, 2019.  *See* www.bop.gov/inmateloc/ (last visited December 1, 2020). To date, Diaz has completed approximately 20 months of his 36-month term of supervised release.

On November 9, 2020, Diaz filed a pro se "Motion for Early Termination of Supervised Release." (Doc. 147). On November 10, 2020, the Court ordered the United States to respond to Diaz's motion. (Doc. 148). On November 24, 2020, the United States requested additional time to respond to Diaz's motion for early termination. (Doc. 150). [1] On November 24, 2020, the Court ordered the United States to respond to Diaz's motion on or before December 1, 2020. (Doc.151), which the United States does herein. On December 1, 2020, Diaz's Probation Officer stated she does not recommend Diaz for early termination of supervision.

**Argument**

Diaz argues for early termination of supervised release given his compliance with its terms. (Doc. 147).

Title, 18, United States Code, Section 3583 governs the early termination of supervised release. In relevant part, 18 U.S.C. § 3583(e)(1) provides that:

---

[1] The United States learned that Diaz had recently been assigned a new probation officer, Katrina Harmaty, who requested an opportunity to speak with Diaz before communicating her position regarding Diaz's request for early termination of supervision.

> The Court may, after considering the factors set forth in section 3553(a)…terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

"District courts in the Eleventh Circuit have stated that 'early termination of a period of supervised release is only occasionally justified, such as when a defendant exhibits exceptionally good behavior.'" *United States v. Gladden*, 2015 WL 6506306, at *2 (N.D. Ga. Oct. 26, 2015); *accord United States v. West*, 2011 WL 1458723, at *1 (M.D. Ga. Apr. 15, 2011). Relatedly, when a defendant "simply complie[s] with the terms of [his] supervision," he does not exhibit "the type of exceptional behavior that warrant[s] early termination, because full compliance is expected of every person serving a term of supervised release." *West*, 2011 WL 1458723, at*1. Judged by these principles, Diaz's motion for early termination of supervised release should be denied.

First, Diaz seeks to terminate his term of supervised release more than 16 months early- after completing a little over half of his term. *See United States v. Reagan*, 163 F. App'x 912, 914 (11th Cir. 2006) (affirming denial of motion to terminate supervised release because *inter alia* "the small fraction of the term served").

Second, Diaz's mere compliance with terms of his supervised release does not warrant its early termination. "Full compliance, after all, is merely what is expected of all people serving terms of supervise release. "*See Karacsonyi v. United States*, 152 F. 3d 918 (2nd Cir. 1998); *United States v. Weintraub*, 371 F. Supp.2d 164, 167 (D. Conn. 2005) (although "ongoing and full compliance with all conditions of supervised release… is commendable, in the end that is what is required to all criminal defendants and not a basis for early termination").

Third, Diaz has failed to demonstrate the existence of any "exceptionally good behavior" to justify the termination of his supervise release. *See United States v. Atkin*, 38 F. App'x 196, 198 (6th Cir. 2002) ("Early termination… is only warranted in cases where the defendant shows changed circumstances – such as exceptionally good behavior"); *accord United States v. Reisner*, 2008 WL 3896010, at *1 (N.D. Fla. Aug. 20, 2008) ("'early termination is not warranted as a matter of course; on the contrary, it is only occasionally justified due to changed circumstance of a defendant, such as exceptionally good behavior'"). While a defendant "is to be congratulated for maintain steady employment and pursuing an education since his release from prison," that behavior does not warrant the early termination of supervise release. *United States v. Boyd*, 606 F. App'x 953, 961 (11th Cir. 2015) (unpublished).

Finally, Diaz's Probation Officer does not support his request for early termination given his 2003 federal conviction for distribution of cocaine, as well as the instant offense conviction in 2009. Moreover, Diaz's previous arrest

history, including an arrest for escape, precludes Diaz's Probation Officer from recommending early termination.

In the end, Diaz has not established any circumstances that justify terminating his term of supervised release more than 16 months early.

## Conclusion

WHEREFORE, the United States submits Diaz's Motion for Early Termination of Supervised Release should be denied.

Respectfully submitted,

BYUNG J. PAK
*United States Attorney*

/s/PHYLLIS CLERK
*Assistant United States Attorney*
Georgia Bar No. 095325
Phyllis.Clerk@usdoj.gov

600 U.S. Courthouse, 75 Ted Turner Drive S.W., Atlanta, GA 30303
(404) 581-6000   fax (404) 581-6181

## Certificate of Service

The United States Attorney's Office served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record, and by mailing a copy with sufficient postage to:

David Diaz

2223 Southwest 20th Avenue

Cape Coral, Florida 33991

*December 1, 2020*

/s/ PHYLLIS CLERK

PHYLLIS CLERK

*Assistant United States Attorney*
